IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**KRISTOPHER L. DAVIES**,

      Plaintiff,

v.

**CAROLYN W. COLVIN**,
Acting Commissioner of the Social Security
Administration,

      Defendant.
_____

**Civ. No. 6:14-cv-00491-MC**

**OPINION AND ORDER**

**MCSHANE, Judge**:

    Defendant moves to amend a judgment remanding this matter for an award of benefits under Titles II and XVI of the Social Security Act. *See* Def.'s Mot. Amend/Alter J. 1–10, ECF No. 30. Defendant relies on two cases—*Marsh v. Colvin*, 792 F.3d 1170 (9th Cir. 2015) and *Brown-Hunter v. Colvin*, ___ F.3d ___, 2015 WL 4620123 (9th Cir. Aug. 4, 2015)—to argue that this Court erred in its credit-as-true analysis. This Court looks to the record.

    On July 28, 2015, this Court determined that the administrative law judge (ALJ) erred in assessing plaintiff's credibility and the credibility of Drs. Kalidindi and Eckstein. *See Davies v. Colvin*, Civ. No. 6:14-cv-00491-MC, 2015 WL 4571107, at *3–7, (D. Or. July 28, 2015). This Court reasoned:

> Either of the doctors' opined restrictions would prevent Plaintiff from performing regular full-time work under the rules. Clearly, Dr. Kalidindi's four-hour per day work restriction[1] necessitates a finding of disabled . . . .

---

[1] Plaintiff met with Ravi Kalidindi, M.D., approximately fourteen times between November 2009 and April 2011. *See* tr. 485–87 (11/5/2009); tr. 482–84 (11/19/2009); tr. 478–80 (3/18/2010); tr. 475–77 (4/12/2010); tr. 470–71

1 – OPINION AND ORDER

> Further, the VE testified that for *any* of the jobs the ALJ identified, the restrictions outlined by Dr. Eckstein—generally, marked impairment in a number of subcategories impacting concentration, persistence, and pace—would be preclusive.[2] Thus, crediting either of the erroneously discredited medical opinions as true renders a finding of disability.

*Id*. at *8 (citations omitted). This reasoning remains unaffected by either *Marsh* or *Brown-Hunter*. For example, in *Brown-Hunter*, the Ninth Circuit remanded an ALJ decision that failed to properly evaluate a plaintiff's credibility. 2015 WL 4620123, at *8–9. The Ninth Circuit determined that remand for further proceedings served a useful purpose because plaintiff's treatment record appeared to undermine her assertions about the extent of her symptoms. *Id*. at *8 ("[M]edical reports of adequate pain control on medication . . . create a significant factual conflict in the record that should be resolved through further proceedings . . . ."). In this matter, unlike in *Brown-Hunter*, the opinions of Drs. Kalidindi and Eckstein both support plaintiff's assertions about the extent of his disability. *See supra* nn. 1–2. Defendant's conclusory references to plaintiff's daily activities and prior work experience do not raise *serious* doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.[3]

---

(7/13/2010); tr. 468–69 (8/17/2010); tr. 464–66 (10/6/2010); tr. 65–67, 554–56 (10/20/10); tr. 62–64, 551–53 (11/10/2010); tr. 58–60, 547–49 (12/28/10); tr. 55–57, 544–46 (2/8/2011); tr. 49–51, 538–40 (3/7/2011); 44–46, 530–32 (4/7/2011); 519–23 (5/3/2011). In October 2010 and April 2011, Dr. Kalidindi opined that plaintiff was limited to four hours of work each day. *See* tr. 69, 558 (10/20/2010); tr. 38 (4/18/2011).

[2] Judith Eckstein, Ph.D., administered plaintiff a psychodiagnostic evaluation on May 24, 2012. *See* tr. 612–16. Based upon plaintiff's performance, Dr. Eckstein opined that plaintiff had marked limitations in his ability to understand and remember detailed instructions, carry out detailed instructions, maintain attention and concentration for extended periods, perform activities within a schedule, maintain regular attendance, maintain punctuality within customary tolerances, complete a normal workday or workweek, and set realistic goals or make plans independent of others. *See* tr. 617–18. Dr. Eckstein also opined that plaintiff had moderate limitations in his ability to sustain an ordinary routine without special supervision, work in coordination with or proximity to others without being distracted by them, interact appropriately with the general public, accept instructions and respond appropriately to criticism from supervisors, respond appropriately to changes in the work setting, and be aware of normal hazards and take appropriate precautions. Tr. 618.

[3] Defendant's reliance on *Marsh* is also misplaced. In *Marsh*, the Ninth Circuit remanded an ALJ decision that failed to consider clinical progress notes from treating physician David Betat, M.D. 792 F.3d at 1173–74. Unlike in this matter, Dr. Betat's clinical progress notes were reported in relatively uncertain terms, e.g., "appears to be disabled," and "pretty much nonfunctional," and were found to "provide minimal additional insight as to Petitioner's

Accordingly, as indicated in this Court's prior opinion, the credit-as-true analysis has been met and the record does not raise serious doubts as to whether plaintiff has been unable to maintain full time employment since his alleged onset of disability. Therefore, the proper remedy is to remand for calculation of benefits. Defendant's motion to amend/alter the judgment, ECF No. 30, is DENIED.

IT IS SO ORDERED.

DATED this 6th day of October, 2015.

_____
**Michael J. McShane**
**United States District Judge**

---

condition." *Marsh v. Comm'r of Soc. Sec. Admin.*, No. C 11-02096 CRB, 2012 WL 1496142, at *5–6 (N.D. Cal. Apr. 27, 2012), *rev'd in part*, 792 F.3d 1170 (9th Cir. 2015).