IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KRISTOPHER L. DAVIES,

    Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security
Administration,

    Defendant.

Civ. No. 6:14-cv-00491-MC

OPINION AND ORDER

**MCSHANE, Judge:**

Plaintiff Kristopher L. Davies filed a motion (ECF No. 35) for attorney fees in the amount of $10,857.80 under the Equal Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Defendant, in response, moves this Court to deny the petition, arguing that the Commissioner was substantially justified in denying Plaintiff disability insurance benefits (DIB) and social security insurance (SSI) benefits under the Social Security Act, 42 U.S.C. § 401–434. Separately, Plaintiff filed a motion (ECF No. 39) for attorney fees in the amount of $11,436.25 under 42 U.S.C. § 406(b). Defendant does not oppose this second motion. For the reasons set forth below, each of Plaintiff's petitions (No. 35, No. 39) are GRANTED.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff applied for DIB and SSI benefits on May 20, 2010, alleging a date of disability onset of October 15, 2009. Tr. 11, 254. These claims were denied initially on September 16, 2010, tr. 202–06, and upon reconsideration on December 1, 2010, tr. 208–10. Plaintiff timely requested a hearing before an administrative law judge (ALJ), and appeared before the

1 – OPINION AND ORDER

Honorable Ted W. Neiswanger on August 23, 2012. Tr. 78–147. ALJ Neiswanger denied Plaintiff's claim by written decision dated September 12, 2012. Tr. 11–23. Plaintiff's subsequent review from the Appeals Council was denied, thus rendering the ALJ's decision final. Tr. 1–3. On July 28, 2015, this Court reversed the Commissioner's decision and remanded to the ALJ for an award of benefits. Op. and Order, ECF No. 28. Specifically, I found that the ALJ erred in (1) discounting Plaintiff's subjective symptom testimony, (2) failing to incorporate a four-hour work limitation identified by Dr. Ravi Kalidindi into the RFC findings, and (3) failing to adopt the functional limitations identified by Dr. Judith Eckstein, without explanation. *Id.* Plaintiff now seeks attorney fees.

### A. EAJA Petition

### STANDARD OF REVIEW

Under the EAJA, this Court "shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless [this Court] finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). "It is the government's burden to show that its position was substantially justified." *Meier*, 727 F.3d at 870 (citing *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001)). Substantial justification means "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "Put differently, the government's position must have a 'reasonable basis both in law and fact.'" *Meier*, 727 F.3d at 870 (quoting *Underwood*, 487 U.S. at 565).

## DISCUSSION

The EAJA establishes a two-part test for determining whether an award of attorney fees is appropriate. First, this Court must ascertain whether plaintiff is a prevailing party. *See, e.g., Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). Second, this Court must determine whether the government was substantially justified in its position in the underlying agency action and litigation. *Meier*, 727 F.3d at 870. Because it is undisputed that plaintiff is a prevailing party, plaintiff's entitlement to attorney fees hinges on whether the Commissioner was substantially justified in (1) its position in the underlying agency conduct and (2) its litigation position.

### I.     Underlying Agency Conduct

The parties dispute whether the ALJ's decision was substantially justified. On appeal to this Court, Plaintiff argued, in part, that the ALJ improperly rejected the Plaintiff's subjective symptom testimony, the medical opinion of Dr. Kalidindi, and the medical opinion of Dr. Eckstein. In the Opinion and Order (ECF No. 20), I concluded that the ALJ failed to provide clear and convincing reasons for discounting Plaintiff's testimony in light of the record as a whole. I further determined that the ALJ failed to incorporate all of Dr. Kalidindi's restrictions when formulating Plaintiff's RFC. Finally, I concluded that the ALJ erred in discrediting Dr. Eckstein's opinion because the ALJ did not articulate the rationale for failing to adopt Dr. Eckstein's functional limitations.

In this Circuit, a "holding that the agency's decision . . . was unsupported by substantial evidence is . . . a strong indication that the 'position of the United States' . . . was not substantially justified." *Meier*, 727 F.3d at 874 (quoting *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005)). Further, "it will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as

lacking in reasonable, substantial and probative evidence in the record." *Thangaraja*, 428 F.3d at 874 (quoting *Al-Harbi v. I.N.S.*, 284 F.3d 1080, 1085 (9th Cir. 2002)) (internal quotation marks omitted). Unlike in those few "decidedly unusual cases," the government's arguments in this case have all been rejected by this Court, both in the original opinion and on the motion to amend. For that reason, I find this case does not meet the "decidedly unusual case" threshold. *See, e.g., Meier*, 727 F.3d at 872.

The government contends that its defense of the ALJ's credibility determination was substantially justified. The Commissioner maintains that the ALJ reasonably discredited Plaintiff because of his inconsistent statements regarding alcohol use. As I specifically discussed in the Opinion and Order, the ALJ mischaracterized Plaintiff's relevant statement regarding alcohol consumption. ECF No. 28, at 8 (ALJ misconstrued Plaintiff's May 2010 intake form as stating Plaintiff never used alcohol, when form in fact stated Plaintiff was not presently using alcohol).Given this mischaracterization, the government's argument stands on delicate ground. Especially in the context of the entire record—which failed to provide substantial evidence for the ALJ's other reasons for discrediting Plaintiff—the government's position lacked a reasonable basis in fact.

Regarding Dr. Kalidindi's testimony, the government argues it was substantially justified in defending the ALJ's decision because Dr. Kalidindi's opinion was not given generally, but rather was limited to the context of Plaintiff's work in a meat locker. No direct evidence in the record evinces this conclusion. While the government maintains that a patchwork of indirect evidence supports the conclusion that Dr. Kalidindi's opinion was limited to meat locker work, these inferences fall well short of the clear and convincing threshold. Accordingly, the government's position on this issue was not substantially justified.

Finally, the government contends it was substantially justified in defending the ALJ's rejection of Dr. Eckstein's opinion. The government claims that the ALJ reasonably rejected Dr. Eckstein's opinion by contrasting the psychologist's report with inconsistent treatment records from Douglas County Mental Health. However, in light of the record as a whole—including a second opinion provided by Doctor Eckstein—I previously found that the ALJ failed to provide legally sufficient reasons to discredit the doctor's initial opinion. Although the government points to April 2012 treatment records from Douglas County Mental Health, these reports are postdated and contradicted by Dr. Eckstein's second opinion, from October 2012. For this reason, the ALJ's implicit comparison between Dr. Eckstein's opinion and Plaintiff's mental health records is insufficient to create a reasonable basis in law and fact. As such, I find that the Commissioner's treatment of Dr. Eckstein's opinions was not substantially justified.

## II. Litigation Position

"Because the government's underlying position was not substantially justified, [this Court] need not address whether the government's litigation position was justified." *Meier*, 727 F.3d at 872 (citing *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008)). Moreover, even if I were to reach the issue, I would conclude that the government's litigation position lacked substantial justification. *See, e.g., Sampson v. Chater*, 103 F.3d 918, 922 (9th Cir. 1996) ("It is difficult to imagine any circumstance in which the government's decision to defend its actions in court would be substantially justified, but the underlying administrative decision would not."). To the extent that the government proffers a defense of the ALJ's decision, it largely reiterates arguments that this Court rejected in its initial order, as well as an in a supplementary order regarding the government's motion to amend the judgment. *See, e.g.,* Def.'s Resp. to Pl.'s Mot.

for Att'y Fees, ECF No. 37. Given these flaws, this Court is not persuaded that the government reasonably chose to defend the ALJ's decision in this action.

### III. EAJA Award

#### a. Regular EAJA Fees

Plaintiff's counsel filed an affidavit and an itemized statement of attorney fees demonstrating that he—together with another attorney and a legal assistant—worked 59.7 hours on this case and that total fees and expenses totaled $10,857.80. Decl. of Alan Graf, ECF No. 36. The government does not oppose the amount of fees requested.

An award of attorney fees under the EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A). This Court has an independent duty to review the fee request to determine its reasonableness. *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Under the EAJA, an award of attorney fees is limited to $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorney for the proceeding involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A); *see also Thangaraja*, 428 F.3d at 876 ("EAJA provides for an upward adjustment . . . based on cost-of-living-expenses."). The cost of living adjustment is determined by multiplying the base EAJA rate ($125.00) by the current Consumer Price Index for all Urban Consumers (CPI–U) and then dividing the product by the CPI–U in the month that the cap was imposed. *Thangaraja*, 428 F.3d at 877; *Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001).

#### b. Enhanced EAJA Fees

In extraordinary circumstances where the United States has litigated a case in bad faith, the EAJA allows courts to award enhanced attorney fees to prevailing parties. 28 U.S.C. § 2412(b); *Brown v. Sullivan*, 916 F.2d 492, 495 (9th Cir.1990). "This bad faith exception is a

narrow one, typically invoked in cases of vexatious, wanton, or oppressive conduct." *Brown*, 916 F.2d at 495 (citations and internal quotations omitted). Due to their punitive nature, enhanced fees may only be imposed in those exceptional cases where dominating reasons of justice demand a higher award. *Id.* Although this inquiry is fact-specific, courts have held that the government litigated a case in bad faith where, for example, the United States failed to consider relevant evidence; failed to provide a complete administrative record; or engaged in evasive, obstructionist, or obstinate conduct. *See Bonnichsen v. United States*, No. CIV. 96-1481-JE, 2004 WL 2901204, at *3 (D. Or. Dec. 15, 2004) (compiling cases).

### c. Application to This Case

Here, the government clearly did not act in bad faith, and I decline to award enhanced fees.[1] Plaintiff contends that, by filing a motion to amend the judgment in light of recent Ninth Circuit case law, the government engaged in conduct that was so obstinate that this Court must impose punitive fees in order to deter similar bad faith litigation tactics in the future. Pl.'s Br., ECF No. 35, at 2–3. Plaintiff cites *Stolberg v. Board of Trustees for State Colleges of Conn.*, 474 F.2d 485 (2d Cir. 1973), a Second Circuit case which is neither controlling on nor analogous to this matter. In *Stolberg*, a university professor was terminated for exercising his First Amendment rights by expressing his opposition to the Vietnam War. 474 F.2d at 487–88. Despite never seriously contesting that the professor's dismissal was unconstitutional and receiving advice from several bodies—including the Connecticut Attorney General—indicating that the university's position was untenable, the university vigorously dragged out discovery for two years, yet never presented a defense of its actions. *Id.* at 490–91. Given the clear violation of

---

[1] Plaintiff raises the inapposite argument that, by failing to address enhanced fees in its response brief, Defendant has waived this issue. Pl.'s Reply Br., ECF No. 38, at 1–2 (citing *Martinez-Serrano v. INS*, 94 F.3d, 1256, 1259 (9th Cir. 1996) (under Federal Rules of Appellate Procedure, appellants cannot raise a new issue for the first time in reply briefs)). For obvious reasons, I decline to apply the Rules of Appellate Procedure, and find that this omission does not bind the Court, which is still entitled to apply the statutory rule.

7 – OPINION AND ORDER

the professor's constitutional rights, the length and unnecessary nature of the university's defense tactics, and the likelihood that fee shifting would deter similar obstinate behavior in the future, the Second Circuit imposed attorney fees. *Id.* at 491.

The government's motion to amend in this case, by contrast, is a far cry from *Stolberg*'s indefensible litigation strategy. Here, the government filed a motion to amend in light of two Ninth Circuit decisions that had been published since the completion of briefing or this Court's initial opinion. *See* Def.'s Mot. Amend/Correct, ECF No. 30. Rule 59(e) permits a district court to alter a judgment if, for example, there has been "an intervening change in controlling law." *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2009) (citations and internal quotations omitted). Although this Court denied the government's petition, Op. and Order, ECF No. 32, the government's decision to file this motion pales in comparison to the vexatious and obstinate conduct in *Stolberg*. Unlike that case, where the defendant's actions were indefensible because a clear constitutional violation had occurred, the government's motion here relied on two intervening appellate decisions related to issues in this case. Further unlike the two-year, discovery-filled delay in *Stolberg*, Plaintiff makes no argument that this motion unnecessarily dragged out this proceeding; the record reflects that the motion to amend prolonged this case by six weeks and solely required Plaintiff to write a response brief. *See* Def.'s Mot. Amend/Correct, ECF No. 30 (filed Aug. 25, 2015); Pl.'s Resp. Br., ECF No. 31; Op. and Order, ECF No. 32 (filed Oct. 6, 2015). Under these facts, there is no basis to find that the government filed its motion to amend in bad faith, and Plaintiff's petition for enhanced fees is denied.

Because I decline to award Plaintiff enhanced fees, Plaintiff's award is only subject to the relevant cost-of-living calculations.[2] Thus, Plaintiff is awarded fees at the hourly rates of $190.06

---

[2] Plaintiff's hourly rates are consistent with the "statutory maximum rates" under the EAJA. *See, e.g.,* UNITED STATES COURTS FOR THE NINTH CIRCUIT, STATUTORY MAXIMUM RATES UNDER THE EQUAL

8 – OPINION AND ORDER

for 6.05 hours of work performed by counsel in 2014 and $189.68 for 48.7 hours of work performed by counsel in 2015.[3] Plaintiff is also awarded costs for legal assistant fees at the hourly rate of $90 for 3.95 hours.[4]

**B. Unopposed Motion for Attorney Fees under 42 U.S.C. § 406(b).**

Plaintiff also seeks attorney fees under 42 U.S.C. § 406(b). The government does not oppose this motion. The Court finds that Plaintiff's requested fee of $11,436.25 is reasonable in light of the circumstances in this case. Because the Court has also awarded EAJA fees, it is the responsibility of Plaintiff's attorney to return any offset of these fees to Plaintiff.

//

//

//

//

//

//

//

//

//

//

//

---

ACCESS TO JUSTICE ACT, http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited Feb. 21, 2016).

[3] I decline to award fees for "[p]repared and mailed services packets" as "purely clerical or secretarial." *See Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n. 10 (1988) ("purely clerical or secretarial tasks should be billed at a paralegal rate, regardless of who performs them."). Accordingly, Plaintiff's entry dated 5/2/14 is reduced by .25 hours.

[4] I further decline to award legal assistant fees for "prepared and filed Substitution of Counsel" and "Email to and from courtroom deputy re: service documents; prepared and mailed second set of service packets." *See Jenkins by Agyei*, 491 U.S. at 288 n. 10. Accordingly, Plaintiff's entries dated 5/7/14 and 6/12/14 are reduced by .25 and .50 hours, respectively.

9 – OPINION AND ORDER

## CONCLUSION

For the reasons above, Plaintiff is GRANTED fees and costs in the amount of **$10,742.78** pursuant to his EAJA petition, ECF No. 35. Plaintiff's request for enhanced attorney fees under the EAJA is DENIED. Plaintiff's attorney, Alan Graf, is further GRANTED attorney fees in the amount of **$11,436.25** pursuant to Plaintiff's § 406(b) motion, ECF No. 39. When issuing the 406(b) check for payment to Plaintiff's attorney, the Commissioner is directed to subtract any applicable processing fees as allowed by statute.

IT IS SO ORDERED.

DATED this 26 day of February 2016.

_____
**Michael J. McShane**
**United States District Judge**